# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

STEPHEN DALE SCHNEPF,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C08-3018-MWB
(No. CR07-3009-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION**

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. The Petitioner's Charges, Plea, and Sentence* . . . . . . . . . . . . . . . . . . 3

*II. EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 5
    *B. Post-conviction Relief Waiver* . . . . . . . . . . . . . . . . . . . . . . . . 8

*IV. CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . 11

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I.  INTRODUCTION AND BACKGROUND

### A.  The Petitioner's § 2255 Motion [1]

On November 3, 2008, petitioner Stephen Dale Schnepf filed his Second Amended Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 21).  In Schnepf's Second Amended Motion, he raises two claims.  First, he contends that his guilty plea to the charge of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), was defective due to an inadequate factual basis.  Second, Schnepf claims that his conviction on the charge of using a firearm during and in relation to a drug trafficking crime violates the Due Process Clause of the United States Constitution because he was actually innocent of that charge under the United States Supreme Court's subsequent decision in *Watson v. United States*, 128 S. Ct. 579 (2007).[2] For relief, Schnepf requests that the court vacate his 60 month consecutive sentence on the § 924(c)(1)(A) charge.  In its response to Schnepf's Second Amended Motion (docket no. 28), respondent United States of America argues that Schnepf is precluded from raising these claims based on his written agreement waiving his right to file a § 2255 motion based on anything other than ineffective assistance of counsel.  Respondent further argues that

---

[1]  Schnepf's § 2255 case is number C08-3018-MWB, and the docket entries cited under this section are associated with this civil case number.

[2] In *Watson*, the United States Supreme Court addressed the question of "whether a person who trades his drugs for a gun 'uses' a firearm 'during and in relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1)(A)."  *Watson*, 128 S. Ct. at 581. The Court concluded that "he does not" and reversed the conviction of a defendant charged with receiving a pistol in exchange for drugs.  *Id.*  The holding in *Watson* abrogated the long-standing rule in the Eighth Circuit that a person who trades drugs for a gun has "used" a firearm  "during and in relation to [a] drug trafficking crime" within the meaning of § 924(c)(1)(A).  *See United States v. Cannon*, 88 F.3d 1495, 1503 (8th Cir. 1996), *abrogated by Watson v. United States*, 128 S. Ct. 579 (2007).

Schnepf's claims are procedurally barred because they were not raised on direct appeal. Respondent also contends that a factual basis existed for Schnepf's plea of guilty to the § 924(c)(a)(A) charge under pre-*Watson* Eighth Circuit law. In addition, respondent argues that Schnepf's guilty plea may not be collaterally attacked in a § 2255 motion. Finally, respondent argues that no violation of due process occurred in this case because Schnepf's case was final before the Supreme Court's decision in *Watson* was handed down.

## *B. The Petitioner's Charges, Plea, and Sentence*[3]

On February 23, 2007, an indictment (docket no. 1) was returned against Schnepf, charging him with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1), possession of a firearm with its serial number removed, obliterated or altered, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count 2), possessing with intent to distribute 32.5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 3), conspiracy to distribute 500 grams or more of methamphetamine having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851 (Count 4), and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 5 and 6). On August 9, 2007, Schnepf appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1, 2, 3, 4 and 5 of the indictment pursuant to a binding 11(c)(1)(C) plea agreement. The plea agreement contained the following agreement regarding Schnepf's sentence:

> Both the United States and defendant agree that the sentence of imprisonment to be imposed shall be 300 months (25 years),

---

[3]Schnepf's criminal case number is CR07-3009-MWB, and docket entries cited under this section are associated with this criminal case number.

> constructed as follows: 120 months (10 years) on Count 1;
> 120 months (10 years) on Count 2; 120 months (10 years) on
> Count 3; 240 months (20 years) on Count 4, with sentences on
> Counts 1-4 to be served concurrent with each other, and 60
> months (5 years) on Count 5, to be served consecutively to the
> terms of imprisonment on Counts 1-4.

Plea Agreement at ¶ 14 (docket no. 31-2).[4]  The 11(c)(1)(C) plea agreement also included

a waiver of Schnepf's right to file post-conviction motions challenging his conviction or

sentence, and provided in relevant part that:

> Further, after being fully advised of the implications, the
> defendant knowingly and voluntarily waives his right to file
> post-conviction relief actions, including actions pursuant to 28
> U.S.C. § 2255 and 2241 and *coram nobis* actions.  This
> waiver does not, however, prevent him from challenging the
> effectiveness of his attorney after conviction and sentencing.
> Defendant does not have any complaints at this time about the
> effectiveness of his attorney.  The waivers set out above relate
> to any issues which now exist or which may arise in the future.
> The defendant agrees to these waivers in order to cause the
> government to accept the provisions and stipulations of this
> plea agreement, to avoid trial, and to have his case finally
> concluded.

Plea Agreement at ¶ 29.

This court accepted Schnepf's guilty plea on October 30, 2007 (docket no. 37).  On

November 9, 2007, pursuant to the terms of the parties' 11(c)(1)(C) plea agreement,

Schnepf was sentenced to 120 months imprisonment on Count 1, 60 months imprisonment

on Count 2, 120 months imprisonment on Count 3, 240 months imprisonment on Count

4, all to be served concurrently, and 60 months imprisonment on Count 5, which was to

---

[4]As part of the plea agreement, the parties agreed to dismissal of Count 6, which
carried a mandatory 25-year consecutive sentence.  Plea Agreement at ¶4.

be served consecutively to the sentences for the other counts. Schnepf did not appeal his sentence.

## II. EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that Schnepf is entitled to no relief and will, therefore, not hold a hearing in this case. *See id.*

## III. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Schnepf's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such

> sentence, or [3] that the sentence was in excess of the
> maximum authorized by law, or [4] is otherwise subject to
> collateral attack, may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors
> which could have been raised at trial or on direct appeal,
> absent a showing of cause and prejudice, *United States v.
> Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual

prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d

673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Schnepf's claims for § 2255 relief.

### B. *Post-conviction Relief Waiver*

Respondent argues that Schnepf has waived his right to pursue post-conviction relief under § 2255. Thus, the court must first address the waiver provision in Schnepf's plea agreement in light of the claims he has made in his § 2255 motion. As discussed above, in his plea agreement, Schnepf waived his right to post-conviction relief other than ineffective assistance of counsel claims. Schnepf agreed in relevant part:

> Further, after being fully advised of the implications, the defendant knowingly and voluntarily waives his right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. § 2255 and 2241 and *coram nobis* actions. This waiver does not, however, prevent him from challenging the effectiveness of his attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of his attorney. The waivers set out above relate to any issues which now exist or which may arise in the future. The defendant agrees to these waivers in order to cause the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have his case finally concluded.

Plea Agreement at ¶ 29.  Furthermore, as the record makes clear, Schnepf understood that

he was waiving his right to appeal and to file post-conviction motions:

> THE COURT: The plea agreement as I understand it also has an appeal waiver.  Do you understand that, Mr. Schnepf?
>
> THE DEFENDANT: Yes, sir, I do.
>
> THE COURT: Here's what this means.  If you go to sentencing and you get sentenced either because Judge Bennett agrees to the 25-year sentence and imposes it or even if he doesn't agree to it but you say, "Go ahead and sentence me; I don't want to withdraw my pleas; I want to go ahead and take what you've got," that's going to be the end of the case after he sentences you.  You won't have any appeals.  There won't be any motions to review your sentence.  You won't get to file any 2255s or post-conviction hearings.  You-- the case will be over with.  Do you understand that?
>
> THE DEFENDANT: I do.
>
> THE COURT: So you should expect certainly that if you get a 25-year sentence that that's the last time you'll be in court on--on these charges.  That will be the end of it.  You'll just have to do your time.  Do you understand that?
>
> THE DEFENDANT: I do.

Sentencing Tr. at 19-20 (docket no. 45).

The Eighth Circuit Court of Appeals has long recognized that a defendant may waive his or her right to appeal, but the court only recently acknowledged that a defendant may waive his or her right to post-conviction relief. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such a waiver, however, has its limitations. *Id.* "A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." *Id.* at 924; *see Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself-- the very product of the alleged ineffectiveness."). Thus, even in circumstances such as the present case, where petitioner signed a written plea agreement waiving his right to file for post-conviction relief, petitioner may nevertheless petition the court for post-conviction relief based on the ineffective assistance of counsel, but only "when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver." *DeRoo*, 223 F.3d at 924; *see United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); *Davilla v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("The majority of Circuits support the waiver of collateral review in a plea agreement if it is knowingly, intelligently, and voluntarily made except when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver." (citing *United States v. Cockerham*, 237 F.3d 1179, 1191 (10th Cir. 2001); *DeRoo*, 223 F.3d at 924, *Jones*, 167 F.3d at 1145; *United States v. Djelevic*, 161 F.3d

10

104, 106-07 (2d Cir. 1998); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993))).

Here, pursuant to a written plea agreement, Schnepf waived his right to collaterally attack his plea, conviction, and sentence. Schnepf does not claim that he entered the plea agreement unwillingly or without knowledge of the waiver. Moreover, review of the record in this case reveals that Schnepf's waiver of his right to collaterally attack under § 2255 was made knowingly, intelligently and voluntarily. Schnepf has not raised any claims for relief directly related to the waiver or its negotiation, including any claims of ineffective assistance of counsel. Therefore, because Schnepf has failed to assert that there was any defect in the waiver and has not raised any claims of ineffective assistance of counsel, the court concludes that under express language of the written plea agreement here, Schnepf's claims are barred by the waiver provision and accordingly denied.

## IV. *CERTIFICATE OF APPEALABILITY*

Denial of Schnepf's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from: (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d

749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Schnepf has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Schnepf's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Schnepf does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## V. CONCLUSION

Therefore, petitioner Schnepf's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody is **denied in its entirety**. An evidentiary hearing will not be held in this case. This case is **dismissed in its entirety**, and the court will issue no certificate of appealability for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 22nd day of October, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA